**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-03512-CNS-STV

KRISTEN CROOKSHANKS, as parent and next of friend of a minor on behalf of C.C.;
MINDY SMITH, as parent and next of friend of a minor on behalf of E.S.;
NAACP–COLORADO–MONTANA–WYOMING STATE AREA CONFERENCES; and
THE AUTHORS GUILD,

    Plaintiffs,

v.

ELIZABETH SCHOOL DISTRICT,

    Defendant.

---

**Declaration of Dan Snowberger, Superintendent, Elizabeth School District, in Support of Defendant's Motion for Administrative Stay and Stay Pending Appeal**

---

    I, Dan Snowberger, being over 18 years of age, submit the following declaration in support of Defendant Elizabeth School District's Motion for Administrative Stay and Stay Pending Appeal, and state as follows:

    1.    I have reviewed and am generally familiar with the Court's order granting a preliminary injunction (ECF No. 35).

    2.    I make this declaration based on personal knowledge.

    3.    As the Superintendent of Schools for the Elizabeth School District, I serve as the chief executive and operations officer of the District. Among other things, I communicate and collaborate with the School Board on all issues that may impact the District, including implementing School Board decisions.

    4.    On September 9, 2024, the School Board voted to remove 18 titles from the District's school libraries. (ECF No. 25-12 (Sept. 9, 2024 Meeting Minutes) at 6 (voting to permanently remove 18 titles that were temporarily displayed at the District office); ECF

No 25-19 (Aug. 16, 2024 Superintendent Letter) at 1 (listing the 18 titles on temporary display and noting that a nineteenth book, *Speak*, had been on the list but was unavailable for public review because it had been checked out and not yet returned).)

5. After the School Board's September 2024 removal vote, the Board directed me to discard the District's physical copies of the 18 titles, as they were no longer needed. For some of the titles, the District had more than one physical book either because the title was located in two District libraries, or because there was more than one copy of the title in a single library.

6. Due to an oversight, these physical books remained in my possession at my District office for several weeks following the School Board's September 2024 vote. Upon discovery, I collected the books and discarded them, as instructed by the Board.

7. Between the School Board's September 2024 vote and when I discarded the books, no one requested preservation of the books.

8. After I discarded the books, I did not think anything more about them until this lawsuit was filed on December 20, 2024, which was over three months after the School Board voted to remove the 18 titles from the District's libraries.

9. If Plaintiffs or their attorneys had made a demand for the books' preservation pending litigation, the District could have preserved them.

10. The first communication the District received regarding this lawsuit was when Plaintiffs' attorney served the District's outside general counsel with the complaint via email at 12:23 A.M. on December 20, 2024.

11. In January 2025, after the lawsuit was filed, a private donor gave the District copies of the 18 at-issue titles, as well as the nineteenth title that was not available for

public review and that the Board did not vote to remove (*see supra* ¶ 4),[1] subject to two conditions: (1) the books are only made available to the two Student-Plaintiffs and to any student in the District who is either a member of Plaintiff NAACP or who has a parent or guardian who is a member of Plaintiff NAACP, and (2) the books are not to be placed on the District's library shelves. The donor indicated that he donated the books because he wanted the District to avoid unnecessary distraction while the lawsuit is being litigated, and not because he supports the presence of the books in the District's schools. The District did not expend any District resources on these donated books.

12. Upon receipt of the conditional donation, the School Board directed me to place the donated books in the libraries from which they had been removed. The donated books are being kept at their respective libraries behind the desk and are available upon request by the individuals described above. The donated books will remain at the libraries for the duration of this litigation. (*See* ECF No. 25-3 ¶¶ 35, 37–39 (Olsen Decl.); ECF No. 25-4 ¶¶ 39, 41–43 (Powell Decl.); ECF No. 25-5 ¶¶ 28, 30–32 (Waller Decl.); ECF No. 25-6 ¶¶ 28, 30–32 (Calahan Decl.).)

13. Because the District disposed of its physical copies of the at-issue books before this lawsuit was filed, it would have to purchase new books that could be placed on the District's library shelves to comply with the Court's preliminary injunction.

---

[1] In total, the donor gave the District 21 physical books. One book for 16 of the 18 at-issue titles; two books for two of the 18 at-issue titles, because those titles appeared in two District libraries before they were removed; one book for the nineteenth title (*Speak*) that was not on display and not voted on by the School Board.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2025, in Springer, New Mexico.

s/ Dan Snowberger
Dan Snowberger
Superintendent
Elizabeth School District