UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-03512-CNS-STV

KRISTEN CROOKSHANKS, as parent and next of friend of a
minor on behalf of C.C.;
MINDY SMITH, as parent and next of friend of a minor on
behalf of E.S.;
NAACP-COLORADO-MONTANA-WYOMING STATE AREA
CONFERENCES; and
THE AUTHORS GUILD,

        Plaintiffs,

v.

ELIZABETH SCHOOL DISTRICT,

        Defendant.

---

## PROPOSED SCHEDULING ORDER

---

## 1.  DATE OF SCHEDULING CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference is set to occur in this matter on June 26, 2025 at 11:30 a.m. in Courtroom A 402 before Magistrate Judge Scott T. Varholak. The parties and their attorneys in this matter are:

1.      Plaintiff Kristen Crookshanks, as parent and next friend of minor C.C., represented by the following:

      Craig R. May
      Celyn W. Giefer
      Kendra S. Kumor
      Thomas C. Dec
      WHEELER TRIGG O'DONNELL LLP
      370 17th St., Ste. 4500

Denver, CO 80202
Telephone: 303.244.1800

Sara R. Neel
Timothy R. MacDonald
ACLU OF COLORADO
303 E. 17th Ave., Ste. 350
Denver, CO 80203
Telephone: 303.777.5482

2.     Plaintiff Mindy Smith, as parent and next friend of minor E.S., represented by the

following:

Craig R. May
Celyn W. Giefer
Kendra S. Kumor
Thomas C. Dec
WHEELER TRIGG O'DONNELL LLP
370 17th St., Ste. 4500
Denver, CO 80202
Telephone: 303.244.1800

Sara R. Neel
Timothy R. MacDonald
ACLU OF COLORADO
303 E. 17th Ave., Ste. 350
Denver, CO 80203
Telephone: 303.777.5482

3.     Plaintiff NAACP-Colorado-Montana-Wyoming State Area Conference,

represented by the following:

Craig R. May
Celyn W. Giefer
Kendra S. Kumor
Thomas C. Dec
WHEELER TRIGG O'DONNELL LLP
370 17th St., Ste. 4500
Denver, CO 80202
Telephone: 303.244.1800

Sara R. Neel
Timothy R. MacDonald
ACLU OF COLORADO
303 E. 17th Ave., Ste. 350
Denver, CO 80203
Telephone: 303.777.5482

4.     Plaintiff The Authors Guild, represented by the following:

Craig R. May
Celyn W. Giefer
Kendra S. Kumor
Thomas C. Dec
WHEELER TRIGG O'DONNELL LLP
370 17th St., Ste. 4500
Denver, CO 80202
Telephone: 303.244.1800

Sara R. Neel
Timothy R. MacDonald
ACLU OF COLORADO
303 E. 17th Ave., Ste. 350
Denver, CO 80203
Telephone: 303.777.5482

5.     Defendant Elizabeth School District, represented by the following:

Bryce D. Carlson
MILLER FARMER CARLSON LAW LLC
5665 Vessy Rd.
Colorado Springs, CO 80908
Telephone: 970.744.0247

Christopher O. Murray
Julian R. Ellis, Jr.
Laura J. Ellis
FIRST & FOURTEENTH PLLC
2 North Cascade Av., Ste. 1430
Colorado Springs, CO 80903
Telephone: 719.428.2492

Jonathan F. Mitchell
MITCHELL LAW PLLC
111 Congress Ave., Ste. 400
Austin, TX 78701
Telephone: 512.686.3940

Michael L. Francisco
FIRST & FOURTEENTH PLLC
800 Connecticut Ave. NW, Ste. 300
Washington, DC 20006
Telephone: 202.998.1978

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S. C. §§ 1331 and 1343, because they arise under the First Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiffs' pendent claims under the Colorado Constitution pursuant to 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

In Summer of 2024, the Elizabeth School District ("ESD" or the "District"), through its Board of Education ("the Board"), began a quest to limit students' access to school library books that contravene the Board members' partisan, political views. The Board appointed a committee to review books in ESD libraries and create a list of books containing "sensitive topics," such as "racism/discrimination," "religious viewpoints," "sexual content," "profanity/obscenity," "graphic violence," and "ideations of self-harm or mental illness." A book's inclusion on this "Sensitive List" means that, any time a student checks it out, their parents receive an email that their child checked out the book.

Parents can also choose to prohibit their children from checking out all books on the Sensitive List. Under a Board policy also adopted in summer of 2024, students are also not permitted to share books between each other.

Of the dozens of books on the Sensitive List, the committee identified 19 books that they believed were more sensitive than the rest and suspended and removed them from school libraries. These books were primarily by or about people of color and/or LGBTQ+ people. The temporarily suspended books included *The Hate U Give* by Angie Thomas; *Beloved* by Toni Morrison; *The Bluest Eye* by Toni Morrison; *The Kite Runner* by Khaled Hosseini; *You Should See Me in a Crown* by Leah Johnson; *#Pride: Championing LGBTQ Rights* by Rebecca Felix; *Melissa/George* by Alex Gino;[1] *It's Your World—If You Don't Like It, Change It* by Mikki Halpin; *The Perks of Being a Wallflower* by Stephen Chbosky; *Thirteen Reasons Why* by Jay Asher; *Looking for Alaska* by John Green, *Nineteen Minutes* by Jodi Picoult; and *Crank*, *Glass*, *Fallout*, *Identical*, *Burned*, and *Smoke*, all by Ellen Hopkins. One of the books the committee recommended removing, *Speak* by Laurie Anderson, was allegedly checked out but never returned to the Elizabeth High School library.

The Board subsequently voted to permanently remove the 18 available books from ESD libraries instead of returning them to shelves. The Board decided not to return the books to ESD libraries because the books contained same-sex relationships,

---

[1] Alex Gino's book was initially published as *George* but is now published as *Melissa*. References to *Melissa*/*George* in this Complaint should be construed as references to any copy of the book—whether published as *George* or *Melissa*.

included LGBTQ+ characters, discussed racism, involved police violence, or otherwise struck Board members as "disgusting." The Board separately removed K.A. Holt's *Redwood and Ponytail* from Running Creek Elementary's library because it is about two girls who develop feelings for each other.

The Board's removal of these books from ESD libraries and restriction on students' ability to share certain books or ideas runs afoul of the United States and Colorado Constitutions. It denies students access to books in their school libraries because of the ideas contained in those books and denies authors the right to share their books with ESD students free from viewpoint-based censorship. The District cannot block students' access to information in their school libraries based on the Board's political preferences, nor can it remove authors' books from school libraries because of viewpoints the authors express.

Plaintiffs brought six claims for relief to vindicate their federal and state constitutional rights, including (1) First Amendment Right to Receive Information (Plaintiffs NAACP, C.C., and E.S.); (2) Freedom of Speech under Colo. Const. Art. II, Section 10 (NAACP, C.C., and E.S.); (3) First Amendment Freedom of Expression (Authors Guild); (4) Freedom of Expression under Colo. Const. Art. II, Section 10 (Authors Guild); (5) First Amendment Freedom of Expression (NAACP, C.C., and E.S.); and (6) Freedom of Expression under Colo. Const. Art. II, Section 10 (NAACP, C.C., and E.S.). The requested relief is set out in the Complaint.

**b. Defendant**

Defendant Elizabeth School District (the District) is a public school district located in Elbert County, Colorado. The District is comprised of two elementary schools, one middle school, and one high school. Each school has its own library. In this action, Plaintiffs claim the District's elected School Board violated the First Amendment by removing 18 titles from the District's library collection[2] (the Removal Decision) and adopting a rule preventing students from physically sharing books while at school (the Book-Sharing Rule).

The evidence will show the School Board's challenged decisions were a legitimate exercise of the Board's discretion. As to the Removal Decision, the evidence will show that the removed titles were first identified by the District's Curriculum Committee as containing highly sensitive content (e.g., graphic violence, ideations of self-harm, graphic sexual content, and extreme drug and alcohol use). The Board suspended the titles, provided community access to the books, solicited community and administrator input, and discussed the problematic content of each book in a public meeting. After this thorough and transparent process, the Board voted unanimously to permanently remove the 18 titles based on a variety of factors, including the lack of clear educational value in a public-school setting or a connection to the District's curriculum, concerns regarding age-group appropriateness, the highly sensitive nature of content, and clear community feedback favoring removal. As to the Book-Sharing Rule, the evidence will show that the

---

[2] This translated to 20 physical books being removed from District libraries: one from an elementary school, five from the middle school, and 14 from the high school.

rule—which does not affect students' ability to bring books from home, read them at school, or discuss them with other students—is intended to respect parents' right to opt their children out of reading certain sensitive material by ensuring such opt-out decisions are not undermined by students physically sharing books.

The District denies that Plaintiffs have cognizable First Amendment rights under the U.S. Constitution and that Plaintiffs have any cause of action under the Colorado Constitution. Further, even if Plaintiffs articulate a cognizable constitutional right, the District denies that the School Board violated it. Defendant also disputes Plaintiffs' alleged damages and that either of the challenged decisions caused such damages. In addition, the District has asserted the following defenses:

1. This Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' claims;

2. Plaintiffs lack standing to bring their claims;

3. Plaintiffs fail to state a claim upon which relief can be granted;

4. Plaintiffs' claims are barred by the equitable doctrine of laches;

5. Plaintiffs' claims are barred by the equitable doctrine of unclean hands;

6. Plaintiffs' claims are waived;

7. The District is absolutely immune for the conduct at issue; and

8. The District is qualifiedly immune for the conduct at issue

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 11 and 16(c)(2)(A). Do not summarize the pleadings. Statements such as "Defendant denies the material allegations of the complaint" are not acceptable.]*

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Elizabeth School District contains two elementary/preschools, Running Creek Elementary and Singing Hills Elementary, both of which serve students in preschool through fifth grade. The District contains one middle school, Elizabeth Middle School, which serves students in grades six through eight. The District contains one high school, Elizabeth High School, which serves students in grades nine through twelve.

2.      The Board hired Dan Snowberger as superintendent on March 13, 2023.

3.      In the fall of 2023, the Board tasked the Board Curriculum Review Committee ("Curriculum Committee") with reviewing the District's library collections and proposing a protocol to guide that review and to address student access to library content.

4.      The Board approved protocols drafted by the Curriculum Committee at the Board's meeting of August 12, 2024.

5.      In addition to drafting the protocols, the Curriculum Committee identified 19 titles that it recommended the Board temporarily suspend, including *Speak* by Laurie Anderson; *The Hate U Give* by Angie Thomas; *Beloved* by Toni Morrison; *The Bluest Eye* by Toni Morrison; *The Kite Runner* by Khaled Hosseini; *You Should See Me in a Crown* by Leah Johnson; *#Pride: Championing LGBTQ Rights* by Rebecca Felix; *Melissa/George* by Alex Gino; *It's Your World—If You Don't Like It, Change It* by Mikki Halpin; *The Perks of Being a Wallflower* by Stephen Chbosky; *Thirteen Reasons Why* by Jay Asher; *Looking for Alaska* by John Green, *Nineteen Minutes* by Jodi Picoult; and *Crank*, *Glass*, *Fallout*, *Identical*, *Burned*, and *Smoke*, all by Ellen Hopkins.

6.      At the Board's meeting of August 12, 2024, the Board accepted the Curriculum Committee's recommendation and temporarily suspended the 19 titles in

paragraph 5. The Board subsequently made 18 of the 19 titles available for the public to review. *Speak* was not available for public review.

7.      The Board voted to permanently remove physical copies of the 18 titles that had been available for public review from District libraries.

8.      Students in the District are not permitted to physically share books with each other while at school.

*[When the parties have the Rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

### 5. COMPUTATION OF DAMAGES

**a. Plaintiff**

Plaintiffs seek all available damages, including non-pecuniary damages, for the harm resulting from the violation of their First Amendment and state constitutional rights. This includes, but is not limited to, those for mental pain, humiliation, fear, anxiety, loss of enjoyment of life, privacy, and sense of security and individual dignity, and other non-pecuniary losses. Plaintiffs further seek reasonable attorneys' fees and costs.  A more precise computation of Plaintiffs' damages, to the extent Plaintiffs' damages are subject to such computation, will be provided during the normal course of discovery and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter. Damages for emotional distress, in particular, are not susceptible to the type of calculation contemplated by Rule 26(a)(1). "[C]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000).

**b. Defendant**

Defendant is not seeking any damages from Plaintiffs but reserves the right to seek costs to which it may be entitled.

Defendant has requested that Plaintiffs, as required by Fed. R. Civ. P. 26(a)(1)(A)(iii) and the standard instructions for this section of the Proposed Scheduling Order (reproduced below in italics), supplement their above response and provide Plaintiff-specific "computation[s] of all categories of damages sought and the basis and theory for calculating damages." This information is necessary to understand the scope of damages-related discovery, and absent such information, Defendant reserves its right to seek modifications of the scheduling order (including the otherwise agreed-to limits on written discovery) to ensure it has a meaningful and fair opportunity to test each Plaintiff's claimed damages.

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(A)(iii). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on June 13, 2025.

**b. Names of each participant and party he/she represented.**

Sara Neel and Thomas Dec appeared on behalf of Plaintiffs.

Julian Ellis, Laura Ellis, and Jonathan Mitchell appeared on behalf of Defendant.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties will exchange Rule 26(a)(1) disclosures on July 18, 2025.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission.]*

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Fed. R. Civ. P. 26(a)(1)(C) requires the exchange of initial disclosures within 14 days after the parties' Rule 26(f) conference "unless a different time is set by stipulation or court order." The default deadline for exchange in this case would have been June 27, 2025. Plaintiffs were prepared to comply with the default deadline. Defendant requested an extension of an additional three weeks, up to July 18, 2025. Plaintiffs do not oppose Defendant's requested extension based on Defendant's assurance during the Rule 26(f) conference that because the extended deadline will be subsequent to the entering of the protective order, which the parties will file by July 10, 2025, Defendant's initial disclosures will include a substantive production of witness information and documents.

Defendant asserts that there is good cause for this delay because Defendant is a school district and currently in the middle of summer break. All educational staff are on break until the end of July (administrators) or beginning of August (teachers, librarians, etc.), which limits the District's access to information it needs to prepare thorough and complete initial disclosures. Although the District has a few Central Office staff that work during the summer, those individuals have limited availability until mid-July due to pressing family obligations and prescheduled vacations. A short delay in providing initial disclosures furthers the interests of Rule 1 by allowing the District sufficient time to prepare its initial disclosures notwithstanding the limitations it faces during summer break while also ensuring the proceedings move forward expeditiously.

**e. Statement concerning any agreements to conduct informal discovery.**

Not applicable.

*[State what processes the parties have agreed upon to conduct informal discovery, such as joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or exchanging documents outside of formal discovery. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all pro se parties.]*

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree that they will serve by email all discovery requests and written responses and any other papers that are not filed through the CM/ECF system, unless doing so is not technically feasible, in which case those documents will be served via a secure file-sharing platform.

The parties agree that all documents produced in discovery will include bates labels on each page that are continuous and that identify the specific party producing the document (e.g., CC_000001; ES_000001; AG_000001; NAACP_000001; ESD_000001). The parties agree that document productions will be served through a secure file-sharing platform.

The parties agree to mark all deposition exhibits according to a unified numbering system (e.g., Dep. Ex. 1, Dep. Ex. 2, etc.), regardless of which party is taking the deposition.

The parties agree to produce to all parties any documents obtained via subpoena from a third party or through any open records act (including the Colorado Open Records Act) within ten business days.

*[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and pro se parties also will be expected to use a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over the trial of this case. Non-prisoner pro se parties are reminded that e-filing is available as one means to reduce expenses – see the Electronic Case Filing page of the Court's website.]*

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that their claims and defenses will involve information or records maintained in electronic form. The parties anticipate exchanging electronically stored information ("ESI") and will exchange ESI in standard TIFF image format along with extracted text and metadata unless otherwise noted below. This production format enables the parties to load documents into standard document review platforms (e.g., Relativity, Eclipse, etc.) and access essential metadata information.

The parties will produce ESI in TIFF image format provided that the documents do not become illegible or unusable or in any way alter existing metadata when converted to TIFF image format. Certain file types become illegible or unusable when converted to TIFF image format (Microsoft Excel files, other similar spreadsheet application files, Microsoft Project, and audio and video files), and these files must be produced in native format, unless they contain information that requires redaction. In those instances where redaction is used, OCR text will be provided in lieu of the extracted text to allow for removal of the redacted text from production. For documents produced in native format, in addition to producing extracted text and metadata, the producing party will provide slip

sheets endorsed with the production number and level of confidentiality pursuant to any applicable protective orders in this case. Non-electronic documents shall be scanned into a static-image format.

The parties agree to conduct ESI searches using search terms that are reasonably calculated to discover information relevant to the parties' claims and defenses and consistent with the parties' obligations under the Federal Rules. The parties agree to disclose and confer on proposed ESI search terms.

The parties agree to confer about the treatment of documents previously disclosed by Defendant to Plaintiffs' counsel pursuant to the Colorado Open Records Act, to promote an efficient ESI discovery process.

*[In such cases, the parties must indicate what steps they have taken or will take to (I) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as trial- preparation materials after production of computer-generated records. Counsel should refer to the court's Electronic Discovery Guidelines and Checklist, available on the court's website HERE, and should describe any proposals or agreements regarding electronic discovery made at the Rule 26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.]*

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) meeting, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel carefully investigate their client's information management systems so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed the possibility for a prompt resolution of the case as required by Fed. R. Civ. P. 26(f)(2). Such resolution is not viable at this time.

*[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.]*

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

*[Pursuant to D.C.COLO.LCivR 40.1(c) and 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Parties consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court- approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.]*
*[Indicate below the parties' consent choice. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C.§ 636(a) and (b) will conduct all proceedings related to the case.]*

## 8. DISCOVERY LIMITATIONS

*[In the majority of cases, the parties should anticipate that the court will adopt the presumptive limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a)(1). The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37. The parties are expected to propose discovery limits that are proportional to the needs of the case, the amount in controversy, the importance of the issues at stake in the action, and all other scope of discovery considerations. See Fed. R. Civ. P. 26(b)(1). The court must limit discovery otherwise permitted by the Federal Rules of Civil Procedure if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." See Fed. R. Civ. P. 26(b)(2)(C).]*

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties propose modifying the presumptive limitation in Fed. R. Civ. P. 30(a)(2)(A)(i) so that each side may take the depositions of up to ten (10) fact witness depositions, plus any expert witnesses designated pursuant to Rule 26(a)(2).

The parties propose modifying the presumptive interrogatory limit as follows:

- Plaintiffs collectively are permitted to propound up to thirty-five (35) interrogatories to Defendant.

- Defendant is permitted to propound up to eight (8) interrogatories that would be applicable to all Plaintiffs, but separately answered by each Plaintiff, and eight (8) additional individualized interrogatories to each Plaintiff.

The parties propose the above modification to promote efficiency in discovery and to reduce cumulative or duplicative discovery issued to the parties.

*[If a party proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I), at the scheduling conference they should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C)]*

**b. Limitations which any party proposes on the length of depositions.**

The parties agree to the limitation of 7 hours for any one deposition in accordance with Rule 26(d)(1).

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties propose limiting the number of requests for production as follows:

- Plaintiffs collectively are permitted to propound up to thirty-five (35) requests for production to Defendant.

- Defendant is permitted to propound up to eight (8) requests for production that are applicable to all Plaintiffs, but separately answered by each Plaintiff,

and eight (8) additional individualized requests for production to each Plaintiff.

The parties propose the above modification to promote efficiency in discovery and to reduce cumulative or duplicative discovery issued to the parties.

The parties propose limiting the number of requests for admission to twenty-five (25) per side. The parties agree that Defendant may direct requests for admission to all Plaintiffs, each of which would be counted as a single request for purposes of Defendant's total requests for admission. The parties reserve their rights to seek additional requests for admission if the parties are unable to reach reasonable factual stipulations that will streamline the trial proceedings.

*[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

45 days before the close of fact discovery.

*[The parties are expected to serve interrogatories, requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

**e. Other Planning or Discovery Orders**

The parties anticipate submitting a proposed protective order for this Court's review no later than July 10, 2025.

*[Set forth any other proposed orders concerning scheduling or discovery. For example, the parties may wish to establish specific deadlines for submitting protective orders or for filing motions to compel.]*

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

August 8, 2025.

*[Set time period within which to join other parties and to amend all pleadings. This deadline refers to timing only and does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good cause, this deadline should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and pro se parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]*

**b. Discovery Cutoff:**

Fact Discovery: March 26, 2026

Expert Discovery: April 25, 2026

**c. Dispositive Motion Deadline:**

The dispositive motion deadline will be established by the Court pursuant to CNS Standing Order Regarding Rule of Civil Procedure 56 Motions. Any party, no later than ten (10) days after the close of fact discovery, April 5, 2026, must email Chambers, copying opposing counsel, to inform the Court of their intent to file a motion under Rule 56.

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs expect to designate experts in the areas of (1) public school library collection curation standards and (2) the pedagogical and literary value of the removed

books. Plaintiffs reserve the right to modify or designate additional experts as permitted by this Order.

Defendant may identify rebuttal experts to some or all of Plaintiffs' experts

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Each side shall each be limited to the disclosure of three (3) disclosed experts under Rule 26(a)(2)(B), with no more than one expert per subject area or area of expertise.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before the date below.** *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

February 17, 2026

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before the date below.** *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

March 26, 2026

Consistent with CNS Civ. Practice Standard 7.1C, the default deadline to file any motion under FRE 702 or any motion to strike an expert based on discovery violations shall be April 25, 2026 (30 days after the deadline for disclosure of rebuttal witnesses).

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)– (vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those*

*principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

**e. Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Elizabeth School District | 7 hours |
| Dan Snowberger | 7 hours |
| Kimberly Moore | 7 hours |
| Rhonda Olsen | 7 hours |
| Heather Booth | 7 hours |
| Mary Powell | 7 hours |
| Mike Calahan | 5 hours |
| Jonathan Walker | 5 hours |
| School Librarian | 4 hours |
| Mindy Smith | 7 hours |
| E.S. | 4 hours |
| Kristen Crookshanks | 7 hours |
| C.C. | 4 hours |
| Other individuals identified in discovery | Up to 7 hours/deposition |

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cutoff date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]*

**10. DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

**a. Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

**b. A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

Defendant intends to take the deposition of each named Plaintiff, including the deposition of E.S., a minor preschool student. Plaintiffs have indicated that they preliminarily oppose Defendant taking the deposition of E.S. Defendant is willing to discuss and agree to reasonable parameters for E.S.'s deposition that account for E.S.'s age. The parties agree to confer further about this issue as discovery progresses.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs anticipate an 8-day trial to a jury.

Defendant anticipates a 5-day trial to a jury.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

*[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

*[The following paragraph shall be included in the scheduling order:]*

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this ____day of _____ 2025.

BY THE COURT:

_____

Hon. Scott T. Varholak
United States Magistrate Judge

APPROVED AS SUBMITTED ON June 19, 2025:


*s/ Thomas C. Dec*_____
Craig R. May
Thomas C. Dec
Celyn W. Giefer
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile:  303.244.1879
Email:  may@wtotrial.com
        dec@wtotrial.com
        giefer@wtotrial.com

*In cooperation with American Civil*
*Liberties Union Foundation of Colorado*

Timothy R. Macdonald
Sara R. Neel
American Civil Liberties Foundation of
Colorado
303 E. 17th Avenue, Suite 350
Denver, CO 80203
Telephone:   720.402.3107
Email: tmacdonald@aclu-co.org
        sneel@aclu-co.org

*Attorneys for Plaintiffs*

*s/ Laura J. Ellis, Jr.*
Christopher O. Murray
Laura J. Ellis
Julian R. Ellis, Jr.
FIRST & FOURTEENTH PLLC
2 N. Cascade Avenue, Suite 1430
Colorado Springs, CO 80903
Telephone: (719) 286-2475
Emails: chris@first-fourteenth.com
laura@first-fourteenth.com
julian@first-fourteenth.com

Michael Francisco
FIRST & FOURTEENTH PLLC
800 Connecticut Avenue, Suite 300
Washington, D.C. 20006
Telephone: (202) 784-0522
Email: michael@first-fourteenth.com

Jonathan F. Mitchell
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701
Telephone: (512) 686-3940
Email: jonathan@mitchell.law

Bryce D. Carlson
MILLER FARMER CARLSON
LAW LLC
5665 Vessey Road
Colorado Springs, CO 80908
Telephone: (970) 744-0247
Email: bryce@millerfarmercarlson.com

*Attorneys for Defendant*